IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARLITO QUINTANA-SPEAS,

       Plaintiff,

vs.                                          No. CV 17-00230 MCA/SCY

TCDC TORRANCE COUNTY
DETENTION CENTER,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B) on the Complaint Under the Civil Rights Act filed by Plaintiff Carlito Quintana-Speas on February 3, 2017 and transferred to this Court from the Eastern District of California on February 10, 2017. (Doc. 1). The Court will dismiss the Complaint for failure to state a claim on which relief can be granted, but will grant Plaintiff Quintana-Speas the opportunity to file an amended complaint.

## I. PLAINTIFF'S PENDING MOTIONS

**A. Plaintiff's Motion to Appoint Counsel:** Plaintiff has filed a Motion: To Appoint Legal Counsel. (Doc. 10). There is no right to appointment of counsel in a civil rights case. Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court. *Beaudry v. Corrections Corp. of America,* 331 F.3d 1164, 1169 (10th Cir.2003); *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir.1988). In determining whether to appoint counsel, the district court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts

1

and to present his claims. *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir.2004). The Court has reviewed the complaint and subsequent filings in light of the foregoing factors. Plaintiff appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court will deny the Motion for Appointment of Counsel.

**B.  Plaintiff's Motion to Consolidate:**  Plaintiff Quintana-Speas has also filed a motion to consolidate this case with *Smith, et al., v. Corrections Corporation of America, et al.,* No. CV 16-1201 MCA/GJF. (Doc. 9). Consolidation of actions is governed by the provisions of Fed. R. Civ. P. 42(a). Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may ... consolidate the actions." Fed. R. Civ. P. 42(a)(2). The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the court. *Shump v. Balka,* 574 F.2d 1341, 1344 (10th Cir.1978).

In deciding whether to grant a motion to consolidate, the court should initially consider whether the cases to be consolidated involve a common question of law or fact. If there is a common question, the court should weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause. See *Servants of the Paraclete v. Great American Insurance Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994). The purpose of Rule 42(a) is to give the court broad discretion to decide how cases on its docket are to be administered to promote expedition and economy while providing justice to the parties. Where consolidation will not promote convenience and economy in case administration, the Court properly denies a motion to consolidate. *Shump v. Balka*, 574 F.2d at 1344.

The claims in this case involve different named defendants than the claims in CV16-01201, and the incident allegedly giving rise to this case occurred on November 14, 2016, after

the Complaint in CV 16-01201 was filed. (Doc. 1 at 3). Plaintiff's Motion does not claim that the two cases involve common questions of law or fact. *See* Doc. 9. Further, even if the legal theories Plaintiff attempts to advance are similar, consolidation would not promote expedition and economy in the administration of the cases. To the contrary, consolidation would result in unnecessary confusion and would be prejudicial to the administration of justice due to the different factual circumstances and time-frames underlying the two cases. The Court will deny the Motion to Consolidate. *Shump v. Balka*, 574 F.2d at 1344.

**C. Plaintiff's Second Application to Proceed *In Forma Pauperis:*** Last, Plaintiff Quintana-Speas has filed a second Application to Proceed in the District Court Without Prepayment of Fees or Costs (Doc. 11). Plaintiff's first Application to Proceed *in forma pauperis* (Doc. 2) was granted by the Court on February 24, 2017 (See Doc. 6). The Court will dismiss his second Application as redundant and unnecessary.

## II. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM

Plaintiff Quintana-Speas is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief

that is plausible on its face." *Twombly,* 550 U.S. at 570.  A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 555.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).  *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994).  The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant.  *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint.  Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings.  *Reynoldson v. Shillinger,*

907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

The only named Defendant in this case is the Torrance County Detention Center. The Torrance County Detention Center is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the Torrance County Detention Center under § 1983. The claims against the Torrance County Detention Center fail to state a claim for relief and Torrance County Detention Center will be dismissed as a party to this proceeding. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989).

Plaintiff Quintana-Speas does not identify any individual officials as defendants. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th

Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

> In his Statement of Claim, Quintana-Speas makes the following allegations:
>
> "I was subjected to mandatory anal inspection (squat cough on segregated inmates before rec. showers, court and movement within the facility while in restraints and under supervision and escort. I was humiliated degraded on a daily basis. My right to privacy was severely violated on a daily basis, which caused mental distress and severe grief."

(Doc. 1 at 3, ¶ IV).

Quintana-Speas does not name any individual as a defendant, nor do his allegations specify what individual he claims allegedly violated his constitutional rights. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. The Complaint fails to state a claim for relief against any individual official. *Twombly,* 550 U.S. at 570. The Court will dismiss the Complaint and will grant Quintana-Speas the opportunity to file an amended complaint specifying individuals and the individualized actions that he claims resulted in violation of a constitutional right. *Hall v. Bellmon,* 935 F.2d at 1110, nt. 3 (pro se litigants are to be given reasonable opportunity to remedy defects in their pleadings).

**IT IS ORDERED;**

(1) Plaintiff Carlito Quintana-Speas' Motion: To Appoint Legal Counsel (Doc. 10) and Motion to Consolidate (Doc. 9) are **DENIED**;

(2) Plaintiff's Application to Proceed in the District Court Without Prepayment of Fees or Costs (Doc. 11) is **DISMISSED**; and

(3) the Complaint Under the Civil Rights Act filed by Plaintiff Carlito Quintana-Speas (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim on which relief can be granted and Plaintiff Quintana-Speas is granted leave to file an amended complaint within 30 days of entry of this Order. If an amended complaint, identifying specific individual defendants and individualized actions that allegedly violated Quintana-Speas's constitutional rights, is not filed within 30 days, the Court may dismiss this action with prejudice.

_____
UNITED STATES DISTRICT JUDGE